**Timothy HOOKER, Plaintiff–Appellant,**

v.

**CO FOURNIER, Sgt. Weber, & Captain Ryan, Correctional Officers, Marcy Correctional Facility, Defendants–Appellees.**

**Docket No. 01–0110.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2002.

Timothy Hooker, Marcy, NY, pro se.

Martin A. Hotvet, Assistant Solicitor General; Peter H. Schiff, Senior Counsel, of counsel, Albany, NY, for Eliot Spitzer, Attorney General for the State of New York, for Appellees.

Present SACK, B.D. PARKER, and B. FLETCHER,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be, and it hereby is, affirmed.

The plaintiff-appellant Timothy Hooker, *pro se*, appeals from the April 17, 2001 judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) granting summary judgment to the defendants and dismissing Hooker's 42 U.S.C. § 1983 complaint. In his amended complaint, Hooker alleges that the defendants intentionally misidentified him as a participant in a prison altercation because of his Muslim religious identity, and then subjected him

---

* Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

to unlawful confinement in a special housing unit for sixteen days, in violation of the First and Fourteenth Amendments. He also now claims, *inter alia,* that his confinement violates the New York State Administrative Procedure Act.

 The district court properly dismissed Hooker's First Amendment claims. Because Hooker has not charged the defendants with preventing him from practicing his religion, but instead accuses them of punishing him because of his religious identity, Hooker's allegations state a claim for retaliation. *See Franco v. Kelly,* 854 F.2d 584, 588–90 (2d Cir.1988). This retaliation claim is without merit because Hooker failed to demonstrate a causal connection between his Muslim religious activity, which is protected, and the adverse confinement suffered at the hands of the defendants. *See Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir.2001).

 The district court was also correct to dismiss Hooker's claim that he was denied due process in violation of the Fourteenth Amendment. Hooker failed to demonstrate the necessary liberty interest because his sixteen day tenure in the special housing unit did not impose upon him an "atypical and significant hardship." *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *accord Colon v. Howard,* 215 F.3d 227, 230 (2d Cir.2000).

 On appeal, the plaintiff also contends that the defendants violated the Administrative Procedure Act. Hooker provides no factual support for this claim and raised it before the district court only after the magistrate judge recommended that the defendants' summary judgment motion be granted and the plaintiff's complaint be dismissed. These claims must be dismissed because, in the summary judgment context, "mere conclusory allegations ... in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." *See Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir.1995) (citations and internal quotation marks omitted).

Having reviewed Hooker's remaining claims *de novo,* we find them all to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.